# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2099

_____

Jordan S. Kushner

*Plaintiff - Appellant*

v.

Troy Buhta; Ashlee Lange; Kathleen Temple; Kristin Tyra; Eric W. Kaler; Linda Lokensgard

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: March 14, 2019
Filed: June 13, 2019
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

After being arrested by University of Minnesota Police Officers Ashlee Lange, Kathleen Temple, and Lieutenant Troy Buhta at a lecture at the University of Minnesota Law School, Jordan S. Kushner filed a 42 U.S.C. § 1983 action against these officers and University Police Sergeant Kristin Tyra, Law School Facilities

Manager Linda Lokensgard, and Eric W. Kaler[1] (collectively, Defendants). Kushner alleged, in relevant part, that Defendants violated his First Amendment right to record interactions between the police and the public and to challenge the actions of public officials, and retaliated against him for exercising this right; arrested him without probable cause and used excessive force in effecting the arrest, in violation of the Fourth Amendment; and violated his Fourteenth Amendment substantive due process rights by making false statements in order to support criminal charges against him. Kushner also asserted several tort claims under Minnesota law.

The district court,[2] in a detailed and well-considered 42-page opinion, granted Defendants' motion for summary judgment and dismissed Kushner's complaint with prejudice. See Kushner v. Buhta, No. 16-CV-2646 (SRN/SER), 2018 WL 1866033 (D. Minn. Apr. 18, 2018). Kushner appeals. We have jurisdiction under 28 U.S.C. § 1291, and review de novo the district court's adverse grant of summary judgment. See Dooley v. Tharp, 856 F.3d 1177, 1181 (8th Cir. 2017); Wierman v. Casey's Gen. Stores, 638 F.3d 984, 993 (8th Cir. 2011).

We do not believe that any useful purpose would be served by reexamining the applicable legal principles so ably canvassed and applied by the district court.[3] Having carefully reviewed the parties' briefs, the record, and the applicable legal

---

[1]Kaler is the President of the University of Minnesota. Compl. ¶ 15, Dist. Ct. Dkt. 1. While he is included in the notice of appeal, see Dist. Ct. Dkt. 149, Kushner advances no claim on appeal against Kaler.

[2]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

[3]Regarding Kushner's retaliatory-arrest claim, we note that the Supreme Court recently held that "[t]he presence of probable cause should generally defeat a First Amendment retaliatory arrest claim." Nieves v. Bartlett, --- S. Ct. ----, 2019 WL 2257157, at *8 (U.S. May 28, 2019).

principles, we conclude that the district court properly granted summary judgment in favor of Defendants for the reasons stated in its opinion. Accordingly, we affirm. See 8th Cir. R. 47B.

_____